UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROBERT WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No: 5:24-cv-00058-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| TODD CRYDER, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

This matter is before the Court on Plaintiff Robert Williams' Motion to Remand. [R. 3.] Williams filed this action in Fayette County Circuit Court. [R. 1-1 at 2.] In the Complaint, Williams seeks to recover based on Defendant Todd Cryder's negligence, as well as recovery on the theory of respondeat superior against Defendants Richard Avery, Avery Dennison, and Fasson Trucking Division of Avery International (Avery Dennison Defendants). *Id*. After the Defendants removed the case to federal court, Williams moved to remand. [R. 1; R. 5.] In Williams' Motion to Remand, he argues that there is not complete diversity among the parties, such that this action cannot proceed in federal court. [R. 5 at 1.] The Court agrees. Accordingly, the Motion to Remand [R. 5] is **GRANTED**.

**I**

Avery Dennison is the parent company of Fason Trucking Division of Avery International, which does business in Fayette County, Kentucky. Fason Trucking employed Defendants Todd Cryder and Richard Avery at the time of the accident. On February 1, 2022, a vehicle operated by Todd Cryder, along with co-driver Richard Avery, collided with the

Plaintiff's car. [R. 1-3 at 2.] In February 2024, Williams filed an action against the Defendants in Fayette Circuit Court. [R. 1-1.] In the Complaint, Williams alleges that both Defendant Cryder and Defendant Avery were negligent in causing a vehicle collision and that the Avery Dennison Defendants are liable on the theory respondeat superior. [R. 1-1 at 8-9.] On February 26, 2024, the Defendants filed a Notice of Removal from Fayette Circuit Court to this Court based on diversity jurisdiction and fraudulent joinder. [R. 1 at 1.] Williams has now filed a Motion to Remand, asserting that this Court lacks diversity jurisdiction. [R. 5.] Because this Court agrees with Williams, this matter is remanded.

## II

Unless specifically prohibited by Congress, a case filed in state court can be removed to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount in controversy is greater than $75,000 and the litigation is between citizens of different states. *Id.* § 1332(a)(1). To remove a case, a defendant must file a notice of removal within thirty days of receipt of the complaint, which they have done. *Id.* U.S.C. § 1446(b)(1). In this case, however, the Plaintiff disputes that there is complete diversity. [R. 5 at 1.]

A Court considers whether federal jurisdiction existed at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). The defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

2

The Complaint on its face does not satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiffs are residents of Kentucky. [R. 1-1 at 3.] The Avery Dennison Defendants are residents of Ohio. *Id.* Defendant Richard Avery is also considered a resident of Kentucky, which potentially precludes complete diversity in this matter. *Id.* Regardless of whether the case is remanded or remains before this Court on the basis of diversity jurisdiction, Kentucky is the forum state, and its substantive law will be followed. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Defendants contend that Richard Avery was fraudulently joined and that his citizenship should therefore be ignored when determining whether diversity jurisdiction is present. [R. 5.] Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties." *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc.*, 176 F.3d at 907). If the Plaintiff's claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.* at 624 (quoting *Coyne*, 183 F.3d at 493).

The Avery Dennison Defendants, the removing parties, bear the burden of proving fraudulent joinder and must "present sufficient evidence that [the Plaintiffs] could not have established a cause of action against [Richard Avery] under state law." *Coyne*, 183 F.3d at 493. "[T]he defendant bears a heavy burden to prove fraudulent joinder[.]" *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Any contested issues of fact or ambiguities in state law should be construed in the non-removing party's favor. *Walker*, 443 F. App'x at 953; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Indeed, if Plaintiff's claims against Avery Dennison Defendants have "even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citation omitted).

Defendants have not met their "heavy burden" of establishing that Richard Avery was fraudulently joined. *Walker*, 443 F. App'x at 953. In their Complaint, Plaintiff alleges that Richard Avery "was acting as a co-driver with Todd Cryder," who was the one operating the vehicle when the accident occurred. [R. 1-1 at 7.] Plaintiff further alleges that Richard Avery "owed to the Plaintiff, as another person on the roadway, a duty of care to ensure the operator of his motor vehicle behaved in a manner observed by a reasonably prudent person." *Id.* Defendant Avery breached this duty when he "failed to assist in control[ling] his vehicle." *Id.* The Plaintiff asserts that this negligent conduct resulted in the Plaintiff's alleged damages. *Id.* The Defendants object to this assertion, arguing that "Defendant Avery was asleep in the sleeper berth of the tractor-trailer with no visibility into the driver's seat and was off duty at the time of the accident." [R. 1 at 4-5.] Thus, "Defendant Avery owed no duty to Plaintiff." *Id.* at 5.

However, the Defendants' objection presupposes that Mr. Avery would have to be on duty for Plaintiff's claim to be viable. This theory was disproven in *Morris*, where this Court

4

held that a manager could still be held liable even if they were not physically present at the time of the accident.[1] *Morris v. Walmart Stores East, L.P.,* No. 6:20-CV-150-REW (E.D. Ky. 2021). Thus, construing all the facts in favor of the Plaintiff, the Plaintiff's claim carries a "glimmer of hope" because Mr. Avery being off duty at the time of the accident does not conclusively absolve him of liability. *See Coyne v. American Tobacco Co.*, 183 F.3d, 488 493 (6th Cir. 1999) (noting the district court "must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non[-]removing party.'") (citations omitted).

Because Plaintiff's claims against Richard Avery carries at least "a glimmer of hope, there is no fraudulent joinder." *Murriel-Don Coal Co.*, 790 F. Supp. 2d at 597 (citation omitted); Cole, 728 F. Supp. at 1307 ("'Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.'" (quoting *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967))). Therefore, the Court agrees with the Plaintiffs that the case should be remanded for want of complete diversity.

### III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Remand [**R. 5**] is **GRANTED**;

2. This case is **REMANDED** to the Fayette Circuit Court; and

3. This matter is **STRICKEN** from the Court's active docket.

---

[1] The Defendants dispute the applicability of *Morris* due to the fact that the case involved a store manager, rather than a truck driver. [R. 6 at 4.] Nonetheless, this Court finds *Morris* stands for the proposition that absence does not necessitate a finding, as a matter of law, that the Defendant lacked the requisite control. Rather, the determination of control is a fact-specific inquiry.

This the 2nd day of May, 2024.

Gregory F. Van Tatenhove
United States District Judge